UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DIANA KERNS, LELEHNA HODGE ROBIN GARR AND JOHN DOE PLAINTIFFS 1-99, | ) ) ) ) | |
| PLAINTIFFS, | ) ) | CASE NO. 3:07CV-154-S |
| v. | ) ) ) | *ELECTRONICALLY FILED* |
| THE RAWLINGS COMPANY, LLC, | ) ) | |
| DEFENDANT. | ) | |

**PLAINTIFFS' AMENDED EXPERT WITNESS DISCLOSURES**

Come the Plaintiffs, by counsel, and for their respective amended expert witness disclosures in the above-captioned action state as follows:

**DISCUSSION OF CONTROLLING CASE LAW FOR EXPERT WITNESS DISCLOSURES UNDER FED.R.CIV.PRO. 26(a)(2)(B).**

First, Plaintiffs' contend that they do not need to disclose the witnesses listed below since these witnesses are physicians who will provide testimony not as "retained or specially employed" experts but as treating physicians. Moreover, the physicians listed below intend to provide testimony consistent with the opinions set forth in their respective medical records for each Plaintiff, and more specifically, consistent with the opinions set forth in each of the Plaintiff's Family Medical Leave Act ("FMLA") Physician's Certification Forms. Accordingly, there is no need to submit the expert report discussed in Rule 26(a)(2)(B) for any of the treating physicians disclosed below nor is it necessary to provide Defendant with copies of each Plaintiff's FMLA Physician's Certification Forms or these physician's medical records as part of this

1

disclosure since the Defendant either has these records in their possession or are in the process of obtaining said medical records.

The United States Court of Appeals for the Sixth Circuit supports the Plaintiffs' position in its recent decision in <u>Fielden v. CSX Transportation, Inc.</u>, 482 F.3d 866, 869 (6th Cir. 2007), wherein the Court reasoned as follows:

> Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician **only** if that physician was "retained or specially employed to provide expert testimony." In this case, [plaintiff] did not retain Dr. Fischer for the purposes of providing expert testimony because there is evidence that Dr. Fischer formed his opinions as to causation at the time that he treated [plaintiff] and there is no evidence that Dr. Fischer formed his opinion at the request of [plaintiff's] counsel. The Advisory Committee Notes also support the conclusion that [plaintiff] did not need to file an expert report from Dr. Fischer. The Note to Rule 26 states that "[a] treating physician ... can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26(a), cmt. 1993 Amendments, subdivision (a), para. (2). Under a straightforward reading of the rule and its advisory note, [plaintiff] did not need to file an expert report from Dr. Fischer.

<u>Id</u>.(emphasis added).

Moreover, the Plaintiffs contend that the Defendant should be estopped from asserting that any of the Plaintiffs (or their family members) in this action did not suffer from a "serious health condition" within the meaning of the FMLA since the Defendant did not question the validity of any of the Plaintiffs' medical certifications at the time each Plaintiff requested leave. Under the FMLA, an employer may require an employee seeking medical leave to provide certification that he or she has a serious health condition. If an employer has reason to doubt the validity of the medical certification presented by the employee in support of his or her request for medical leave, the employer "may" require the employee to obtain a second opinion. <u>See</u> 29 U.S.C. § 2613(c). If the second medical opinion differs from the first medical opinion, the

employer "may" require the employee to obtain a third medical opinion.  See 29 U.S.C. § 2613(d)(1). The third medical opinion "shall" be binding.  See 29 U.S.C. § 2613(d)(2).

Accordingly, the Defendant's failure to question the validity of any of the Plaintiffs' initial requests for FMLA leave as provided for by statute should serve as a bar to any attempt by the Defendant to later assert the argument at the trial of this matter. See Sims v. Alameda-Contra Costa Transit Dist., 2 F.Supp.2d 1253 (N.D. Cal. 1998)(where the employer did not seek a subsequent medical opinion within a reasonable time period after the employee submitted his initial certification of a serious health condition, the employer may not later challenge the validity of the initial medical certification submitted by the employee in a civil action).

Despite the previous discussion of case law that clearly establishes that the Plaintiffs in this case do not need to make the following expert witness disclosures of their respective treating physicians, Plaintiffs nonetheless make these disclosures out of an abundance of caution to ensure that Defendant is on notice that the treating physicians disclosed below may testify at the trial of this matter if necessary to prove that any of the Plaintiffs or their loved ones suffered from a "serious health condition" within the meaning of the Family Medical Leave Act:

## **DIANA KERNS**

Plaintiff, Diana Kerns, provides that she may call the following individuals as expert witnesses on her behalf at the trial of this matter.

(1) Thomas R. Lehmann, M.D.
 Louisville Orthopaedic Clinic Sports
 Rehabilitation Center
 Dupont Suburban Office Building, Third Floor
 4130 Dutchman's Lane
 Louisville, KY  40207

3

(502) 897-1794

**SUBJECT MATTER/OPINIONS:** Dr. Lehmann is expected to testify within a reasonable degree of medical probability that Mrs. Kerns suffers from chronic neck pain due to a herniated cervical disc that required surgical intervention in 1998. Dr. Lehmann will testify consistently with his medical records pertaining to the Plaintiff. Dr. Lehmann is not expected to offer testimony that Ms. Kerns suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when she requested medical leave from Defendant in 1998 and again from March 2005 through the date of her termination on or about December 22, 2005 at trial. However, Dr. Lehmann's factual testimony regarding Ms. Kern's medical care and medical diagnosis shall allow a jury to make a factual determination as to whether Ms. Kerns suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when she requested medical leave from Defendant in 1998 and again from March 2005 through the date of her termination on or about December 22, 2005, if this issue is not stipulated to by Defendant prior to trial.

Dr. Lehmann may also testify regarding any matters discussed in any deposition or affidavit given in this litigation and any other matters within his expertise relevant to this case. The opinions of Dr. Lehmann are based upon the knowledge, skill, experience, training, and education that he has obtained throughout his career as a physician. His testimony may also be based upon his analysis of scientific/medical literature, deposition testimony, and exhibits in this case including any medical records of Mrs. Kerns. Plaintiff reserves the right to supplement this designation based upon future developments.

(2) Kamlesh C. Dave, M.D.
1006 New Moody Lane
LaGrange, KY 40031
(502) 222-0028

**SUBJECT MATTER/OPINIONS:** Dr. Dave is expected to testify within a reasonable degree of medical probability that Mrs. Kerns suffers from chronic neck pain due to a herniated cervical disc that required intermittent medical treatment as documented in Ms. Kerns' medical records from Dr. Dave's office. Dr. Dave will testify consistently with his medical records pertaining to the Plaintiff. Dr. Dave is not expected to offer testimony that Ms. Kerns suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when she requested medical leave from Defendant in March 2005 through the date of her termination on or about December 22, 2005 at trial. However, Dr. Dave's factual testimony regarding Ms. Kern's medical care and medical diagnosis shall allow a jury to make a factual determination as to whether Ms. Kerns suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when she requested medical leave from Defendant in March 2005 through the date of her termination on or about December 22, 2005, if this issue is not stipulated to by Defendant prior to trial.

Dr. Dave may also testify regarding any matters discussed in any deposition or affidavit given in this litigation and any other matters within his expertise relevant to this case. The opinions of Dr. Dave are based upon the knowledge, skill, experience, training, and education that he has obtained throughout his career as a physician. His testimony may also be based upon his analysis of scientific/medical literature, deposition testimony, and exhibits in this case including any medical records of Mrs. Kerns. Plaintiff reserves the right to supplement this designation based upon future developments.

(3) Any experts disclosed by Defendant; and

(4) Any and all expert witnesses necessary for rebuttal purposes.

## ROBIN GARR

Plaintiff, Robin Garr, provides that she may call the following individual(s) as expert witnesses on her behalf at the trial of this matter.

(1) Elizabeth Bates, M.D.
3 Audubon Plaza Drive
Louisville, KY 40217
(502) 636-8005

**SUBJECT MATTER/OPINIONS:** Dr. Bates is expected to testify within a reasonable degree of medical probability that Mrs. Garr suffers from chronic pain due to a condition known as fibromyalgia that required intermittent medical treatment as documented in Ms. Garr's medical records from Dr. Bates' office and the medical records of John R. Beard, M.D., 3012 Eastpoint Parkway, Louisville, KY and Michael Alt, D.O., 4002 Kresge Way, Louisville, KY 40207. Dr. Bates will testify consistently with her medical records pertaining to the Plaintiff including a Certification of Health Care Provider Form dated 2/14/06. Dr. Bates is not expected to offer testimony that Ms. Garr suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when she requested medical leave from Defendant on or about February 14, 2006, at trial. However, Dr. Bate's factual testimony regarding Ms. Garr's medical care and medical diagnosis shall allow a jury to make a factual determination as to whether Ms. Garr suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when she requested medical leave from Defendant on or about February 14, 2006, if this issue is not stipulated to by Defendant prior to trial.

Dr. Bates may also testify regarding any matters discussed in any deposition or affidavit given in this litigation and any other matters within her expertise relevant to this case. The opinions of Dr. Bates are based upon the knowledge, skill, experience, training, and education that she has obtained throughout her career as a physician. Her testimony may also be based upon her analysis of scientific/medical literature, deposition testimony, and exhibits in this case including any medical records of Ms. Garr. Plaintiff reserves the right to supplement this designation based upon future developments.

5

(2) All experts identified by the Defendant; and
(3) Any and all expert witnesses necessary for rebuttal purposes.

## LELEHNA HODGE

Plaintiff, Lelehna Hodge, provides that she may call the following individual(s) as expert witnesses on her behalf at the trial of this matter.

(1) Trudi L. Rash, M.D. and/or other physicians at Louisville Pediatric Specialists PSC whom treated Plaintiff Hodge's son, Caleb Elder, for asthma,
6801 Dixie Hwy, # 113-B
Louisville, KY 40258
(502) 935-5633

**SUBJECT MATTER/OPINIONS:** Dr. Rash and/or other treating physicians of Caleb Elder, son of Plaintiff Hodge, is expected to testify within a reasonable degree of medical probability that Ms. Hodge's son suffers from chronic asthma flare-ups that require intermittent breathing treatments to treat his condition. Dr. Rash will testify consistently with her medical records pertaining to the Plaintiff Hodge' son, Caleb Elder, including a Certification of Health Care Provider Form dated 11/21/05. Dr. Rash and/or other treating physicians of Caleb Elder from Louisville Pediatric Specialist are not expected to offer testimony that Caleb Elder suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when Caleb's mother, Plaintiff Hodge, requested medical leave from Defendant to care for her son in November 2005 at trial. However, Dr. Rash and/or other treating physicians of Caleb Elder from Louisville Pediatric Specialist factual testimony regarding Caleb Elder's medical care and medical diagnosis shall allow a jury to make a factual determination as to whether Caleb Elder suffered from a "serious health condition" within the meaning of the Family Medical Leave Act when his mother requested medical leave from Defendant in November 2005 to care for her son if this issue is not stipulated to by Defendant prior to trial.

Dr. Rash or other treating physicians at Louisville Pediatric Specialists PSC may also testify regarding any matters discussed in any deposition or affidavit given in this litigation and any other matters within their expertise relevant to this case. The opinions of Dr. Rash or other treating physicians at Louisville Pediatric Specialists PSC are based upon the knowledge, skill, experience, training, and education that they have obtained throughout their career as physicians. Their testimony may also be based upon their analysis of scientific/medical literature, deposition testimony, and exhibits in this case including any medical records of Ms. Hodge's son Caleb. Plaintiff reserves the right to supplement this designation based upon future developments.

(2) All experts identified by the Defendant; and

(3)     Any and all expert witnesses necessary for rebuttal purposes.

>Respectfully submitted,
>
>/s/     Charles W. Miller
>Charles W. Miller
>**MILLER & FALKNER**
>Waterfront Plaza, Suite 2104
>325 West Main Street
>Louisville, Kentucky 40202
>(502) 583-2300
>**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 7th day of December 2007. The foregoing will be sent electronically through the Court's electronic filing system to the following:

C. Laurence Woods, III, Esq., Julie C. Foster, Esq., FROST BROWN TODD LLC, 400 West Market Street, 32nd Floor, Louisville, KY 40202.

>/S/     Charles W. Miller
>Charles W. Miller