UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| DIANA KERNS, LELEHNA HODGE ROBIN GARR AND JOHN DOE PLAINTIFFS 1-99 | ) ) ) ) | |
| PLAINTIFFS | ) ) | CASE NO. 3:07CV-154-S |
| v. | ) ) | |
| THE RAWLINGS COMPANY, LLC | ) ) | |
| DEFENDANT | ) | |

## OBJECTION TO PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES

Defendant gives the following as its objection to Plaintiffs' designation of expert witnesses.

Defendant objects to Plaintiffs' designation of Drs. Lehmann, Dave, Bates, Rash or any other treating physicians as expert witnesses. By Order of the Court dated June 12, 2007, Plaintiffs had to identify expert witnesses and provide copies of reports no later than October 1, 2007. Plaintiffs did not identify any experts until December 3, 2007, when they filed an unusual expert designation. Prior to the status conference on December 5, Defendant intended to object to any effort on the part of Plaintiffs to seek testimony from the named physicians that certain medical conditions were sufficient to bring the affected persons within the protection of the Family and Medical Leave Act. At the status conference, Plaintiffs indicated they did not intend to have the physicians so testify. That change is reflected in their amended expert witness disclosures. Defendant has no objection to testimony from the treating physicians as to the

1

treatment given to Plaintiffs Kerns and Garr and the son of Plaintiff Hodge, but the doctors giving such testimony are not expert witnesses.

Defendant objects to that portion of Plaintiffs' designation which seeks to argue that Defendant is estopped from arguing that Plaintiffs Kerns and Garr and the son of Plaintiff Hodge did not suffer from "serious health conditions" sufficient to place them within the protection of the Family and Medical Leave Act. That is not a proper subject for a document filed as a designation of expert witnesses, and Defendant trusts that the Court will not treat it as a motion. If the Court has taken it as such, Defendant is prepared to respond, and would appreciate an instruction from the Court to do so. Defendant is not prepared to stipulate that all of the applicable persons were covered by the Act. It is in the process of obtaining the medical records of Plaintiffs Kerns and Garr and the son of Plaintiff Hodge. Defendant reserves the right to argue that such medical information could constitute after-acquired evidence that any or all of those persons might not be entitled to the protection of the Act. Whether such proof forecloses Plaintiffs' claims, or simply reduces or eliminates any recovery of damages, may be arguments to be taken up with the Court at a later time. It is possible that Defendant may have to request of the Court additional time for it to retain an expert to review those records and to give an opinion as to facts from which Defendant might argue that one or more of the three did not suffer from a "serious health condition".

Respectfully submitted,

/s/ C. Laurence Woods III
C. Laurence Woods, III
lwoods@fbtlaw.com
Attorney for Defendant
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: C. Laurence Woods and Charles W. Miller.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

/s/ C. Laurence Woods, III
C. Laurence Woods, III
lwoods@fbtlaw.com
Attorney for Defendant
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087

LOULibrary 0110733.0543315 689793v1